IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC.,	)
	)
	Plaintiff,	)
	)
	v.	)	06 C 0195
	)
DOLL MARKET, INC.,	)	Judge Rebecca R. Pallmeyer
	)
	Defendant.	)

## MEMORANDUM ORDER

Plaintiff Native American Arts, Inc. has brought this action against Defendant Doll Market, Inc.), alleging that Doll Market falsely represented goods it sold as Indian-made in violation of the Indian Arts and Crafts Act of 1990, 25 U.S.C. § 305(e) ("IACA"). Doll Market moves to dismiss, arguing pursuant to Rule 12(b)(6) that Plaintiff failed to state a claim for relief and that Plaintiff failed to plead its claim with particularity, as required by Rule 9(b). For the reasons stated below, the motion is denied in part and granted in part.

The following facts, drawn from the complaint and the attached exhibits, are taken as true for the purposes of this motion.[1] Plaintiff is owned by the members of the Ho-Chunk Nation, an Indian tribe recognized by the United States, and qualifies as a wholly-Indian-owned arts and crafts organization within the meaning of the IACA. See 25 U.S.C §305(d)(4). Defendant is a North Carolina corporation engaged in the business of displaying and selling various arts and crafts to customers throughout the United States. Defendant is not a recognized Indian artisan or arts and crafts organization under 25 U.S.C. § 305. Plaintiff has standing to bring this claim under the Indian Arts and Crafts Enforcement Act of 2000. (Complaint ¶¶ 3, 4, 7).

---

[1] Attachments to the complaint become a part of the complaint, and therefore may be considered in deciding a motion to dismiss without converting the motion into one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

On August 28, 2005, and November 1, 2005, Defendant sold goods through its website to the Plaintiff; photographs of the goods are attached as Exhibits A-H to the complaint. Plaintiff alleges that Defendant on those occasions, and possibly since February 1, 2003, marketed and sold goods, including artworks, crafts and dolls, in a manner that falsely suggested that they were Indian products, Indian-produced, or the product of an Indian arts and crafts organization. As reflected in the exhibits, the products include dolls dressed in traditional Indian dress, in some instances bearing labels identifying the goods as part of the "Timeless Indian Collections" and "The American Indian Collection." (Complaint, Ex. A, B.) Plaintiff alleges that Defendant's unqualified use of the terms "Indian," "Native American," and "American Indian" on its product labels suggests that the product is Indian-made under the IACA. Plaintiff asserts that such labeling and advertising violates the IACA because Defendant is not an Indian and is not recognized as an Indian arts and crafts organization under the IACA. (Complaint ¶¶ 7-17).

In its one-count complaint, Plaintiff alleges a violation of IACA and a claim for what it characterizes as "advertising injury." Plaintiff seeks compensatory damages, attorney's fees and injunctive relief.

## DISCUSSION

Actions brought pursuant to the IACA inherently concern misrepresentation and are therefore subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Native American Arts, Inc. v. Village Originals*, 25 F.Supp. 2d 876, 879-80 (N.D. Ill. 1998). Pursuant to that Rule, "all averments of fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Specifically, a claim of misrepresentation must spell out (1) the identity of the person(s) who made the representations; (2) the time, place, and content of the misrepresentation; and (3) the method by which the misrepresentation was communicated. *Vicom, Inc. v. Harbridge Merchant Services, Inc.* 20 F.3d 771, 777 (7th Cir. 1994). The Seventh Circuit has described these

requirements as the "who, what, when, where and how" of the circumstances of fraud or mistake. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

Defendant challenges Plaintiff's compliance with this rule, but the court concludes the complaint's allegations are sufficient. With regard to the source of the alleged misrepresentations, Plaintiff avers that Doll Market made false representations that some of its products were Indian-made. While plaintiffs are generally required specifically to identify the individual(s) who made the alleged misrepresentation, the Rule's requirements may be relaxed when such particular information is inaccessible to the plaintiff prior to discovery. *See Emery v. American General Finance*, 134 F.3d 1321, 1323 (7th Cir. 1998); *see also Katz v. Household Int'l, Inc.*, 91 F.3d 1036, 1040 (7th Cir.1996). Because information concerning the individual(s) at Doll Market who in fact made the representations is within the sole knowledge of the Defendant at this point, the Plaintiff's allegations fall within the exception to Rule 9(b) that allows further particulars to be obtained by discovery.

With respect to what misrepresentations were made, Paragraphs 13, 14, and 19 of the complaint sufficiently allege that Defendant labeled its products as "Indian," "Native American," and "American Indian," and attached certificates of authenticity further labeling the products as "authentic" and "hand crafted." Regulations promulgated to enforce IACA explain that the "unqualified use" of the term "Indian" or "Native American" in connection with an art or craft product "conveys to the reader both that (1) the maker is a member of an Indian tribe or is a certified non-member artisan and (2) that the art or craft is an Indian product." *Native American Arts, Inc. v. Bundy-Howard, Inc.*, 168 F.Supp.2d 905, 912 (N.D. Ill.2001), citing 25 C.F.R. § 309.3(a); 25 C.F.R. § 309.24. The complaint here alleges that specific products of Defendant were labeled using such terms. Such allegations are sufficient under Rule 9(b). *See Native American Arts, Inc. v. Village Originals, Inc.,* 25 F.Supp.2d 876, 889-90 (N.D. Ill. 1998) (plaintiff's allegations that defendant sold arts and crafts not made by Native Americans in a manner designed to induce the public to believe

they were authentic Native American crafts states a claim sufficient under Rule 9(b); *Ho-Chunk Nation v. Nature's Gifts, Inc.*, No. 98 C 3951, *5 (N. D. Ill. March 19, 1999) (allegations that on particular dates, a sales clerk employed by defendant falsely represented that goods sold "were authentic Native American or Indian made products" sufficient under rule 9(b)).

Finally, Defendant contends that Plaintiff failed sufficiently to identify the dates on which the misrepresentations were made. The case on which Defendant relies, however, *Native American Arts, Inc. v. Emma Aquino*, No. 04 C 2540, 2004 WL 2434260 (N.D. Ill. Oct. 29, 2004), supports Plaintiff's position. In *Emma Aquino*, Judge Grady of this court granted a motion to dismiss an IACA complaint, but not on the basis of Rule 9. In fact, he characterized defendant's Rule 9 argument as "puzzling" where plaintiff alleged that a sales clerk had asserted that goods sold by defendant were Indian-produced and that defendants had been selling artwork, crafts and jewelry in a manner that falsely suggests the were Indian made, "'for substantial periods of time, and possibly since November 9, 2000 and continuously thereafter to the present date.'" 2004 WL 2434260, *1. Plaintiff's allegations here are no less specific. The infirmity that resulted in dismissal of the complaint in *Emma Aquino* was plaintiff's qualification of its allegations with the words "on information and belief," *id.* * 3; here, in contrast, the complaint alleges two specific dates on which violations occurred and a limited time period in which other violations might have occurred. (Complaint, ¶¶ 13, 14, 22.) Because the complaint alleged both specific dates of known violations and a limited time period in which other violations may have occurred, it meets the requirements of Rule 9(b).

That leaves the matter of Plaintiff's claim for "advertising injury." Plaintiff has alleged that its injuries include "advertising injury," but has not explained the application of that theory in this context. Commercial liability insurance policies sometimes exclude coverage for "advertising injury," and, on occasion, litigation may arise where an insured and insurer disagree about whether

a claim against the insured falls within such an exclusion. *See, e.g., Native American Arts, Inc., v. Hartford Casualty Ins. Co.*, 435 F.3d 729 (7th Cir. 2006). Plaintiff in this case has no independent cause of action for "advertising injury;" if Plaintiff proves a violation of IACA, it will be entitled to recover all losses reasonably caused by that violation, however they may be characterized. To the extent Plaintiff seeks to establish that its claim might be covered by Defendant's liability insurance, Plaintiff lacks standing. The paragraphs addressing "advertising injury" (Complaint, ¶¶ 25-28) are stricken without prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (19) is denied in part and granted in part. Concerning the violation of the IACA claim, the complaint effectively apprises Defendant of the factual basis of the claim and makes sufficiently particular assertions which will become more specific after pretrial discovery. Because the nature of the present litigation and the relationship between the parties does not lend itself to an advertising injury claim, that claim is dismissed. Defendant is directed to answer the complaint within 21 days.

ENTER:

Dated: January 25, 2007

_____
REBECCA R. PALLMEYER
United States District Judge